Manly, J.
 

 It will be seen from the written agreement on
 
 *510
 
 file, that the case is made to turn upon the allowance or dis-allowance of the first exception on the paiT of the plaintiff to the account taken of defendant’s assets. If the exception be allowed, the plaintiffs are entitled to a judgment for their debt; if it be not allowed, they submit to a nonsuit. The exception, we think, was properly sustained in the Superior Court. The' three hundred and fifty-four dollars and sixty-four cents, which the administrator claimed to retain, was due him by reason of certain expenditures in completing' a mill after intestate’s death, in which the administrator and his intestate were concerned as partners. The partnership being dissolved by the death of one partner, no further partnership liabilities could be incurred. The debt, therefore, did not stand upon the footing of a partnership debt, but was at best a demand for money paid to the use of his intestate’s estate, which a court of equity might possibly assist him in the recovery of, if assets had been left subject to the payment of such a claim.
 

 To sanction this credit in the administrator’s account, would be to allow him to retain his own demand, upon an open account, in preference to the bond-debt of the plaintiffs- — which is against law. The judgment of the Superior Court should be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.